ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
AMANDA M. BETTINELLI
Assistant United States Attorney
General Crimes Section
California Bar Number 233927
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0470
     FAX: (213) 894-0141
     email: amanda.bettinelli@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLORIO CAJERO VERONICA,<br><br>        Petitioner.<br><br>        v.<br><br>UNITED STATES,<br><br>        Respondent. | ) No. CV 11-1343-CAS<br>)   CR 00-234-CAS<br>)<br>) **NOTICE OF MOTION AND MOTION TO**<br>) **DISMISS; MEMORANDUM OF POINTS**<br>) **AND AUTHORITIES; DECLARATION OF**<br>) **AMANDA M. BETTINELLI; EXHIBITS**<br>)<br>)<br>) |

Respondent United States ("Respondent"), by and through undersigned counsel, respectfully moves this Court to dismiss the "Motion to Set-Aside and Vacate Judgment of Conviction and Sentence" ("Petition") filed by Petitioner Solorio Cajero Veronica ("Petitioner"), for lack of jurisdiction and as procedurally improper under 28 U.S.C. § 2255.

//

//

Respondent's motion is based on the attached memorandum of points and authorities, the attached declaration and exhibits, and the records and files in this case.

Dated: May 13, 2011

                              Respectfully submitted,

                              ANDRÉ BIROTTE JR.
                              United States Attorney

                              ROBERT E. DUGDALE
                              Assistant United States Attorney
                              Chief, Criminal Division


                              _____/s/_____
                              AMANDA M. BETTINELLI
                              Assistant United States Attorney

                              Attorneys for Respondent
                              United States of America

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

I.

INTRODUCTION

On February 11, 2011, Petitioner Solorio Cajero Veronica ("Petitioner") filed a "Motion to Set-Aside and Vacate Judgment of Conviction and Sentence" ("Petition") against United States of America ("Respondent").  In his motion, Petitioner relies primarily on <u>United States v. Cecil</u>, 608 F.2d 1294(1979) and <u>United States v. Cotton</u>, 261 F.3d 397 (4th Cir. 1999) and argues that his conviction and sentence are unconstitutional.  As described below, the Petition is properly construed as a successive challenge to his conviction and sentence under 28 U.S.C. § 2255.  Petitioner cannot meet the procedural requirements of § 2255, and the Petition should accordingly be dismissed.

II.

STATEMENT OF FACTS

On March 10, 2000, Petitioner was charged in an indictment with conspiracy to distribute 1,000 or more grams of heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1) as set forth in Count One[1]; distribution of 500 grams or more of a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C.

---

[1] The co-conspirators also named in Count One of the Indictment filed in the District of California include, Circuncision Garcia (aka "Garcia"), Edmundo Garcia Corona, aka "Edmundo C. Garcia" (aka "Corona"), and Israel Sanchez (aka "Sanchez")Nancy Trejo-Acosta.

1 § 841(a)(1) as set forth in Count Three.(CR 23)[2] (Ex. B).[3]  On July

2 27, 2000, Petitioner was convicted following a two-day jury trial

3 of (1) conspiring to possess with intent to distribute at least

4 1,000 grams of heroin in violation of 21 U.S.C. §§ 846, 841(a0,

5 and (2) possession with intent to distribute 995 grams of heroin

6 in violation of 21 U.S.C. § 841(a)(1).   (CR 165, 166).

7        On November 5, 2001, the United States District Court,

8 District of California, sentenced Petitioner to life imprisonment

9 on counts one and three.   (Ex. C).

10        Defendant filed an appeal of his conviction with the Ninth

11 Circuit Court of Appeals.  On November 13, 2002, the District

12 Court decision was affirmed.   (CR 191).

13        On February 17, 2004, Petitioner filed a Motion to Vacate,

14 Set Aside or Correct Sentence by a Person in Federal Custody

15 pursuant to 28 U.S.C. § 2255. (CR 204). On August 11, 2004,

16 Petitioner filed an Amended Motion to Correct Sentence under 28

17 U.S.C. § 2255. (CR 200).  On July 25, 2005, Petitioner filed a

18 Supplemental Motion to Vacate Sentence, Set Aside or Correct

19 Sentence pursuant to 28 U.S.C. § 2255. (213).    On February 16,

20 2007, Judge Robert M. Takasugi issued an order denying

21 petitioner's motion to vacate, set aside or correct sentence.

22        On February 11, 2011, Petitioner filed another Motion to

23 Vacate, Set Aside, Correct Sentence pursuant to 28 U.S.C. § 2255

24 in this Court. (CR 221).

25 //

26 _____

27        [2] "CR" refers to the Criminal Docket attached as Exhibit A
to the Declaration of Amanda M. Bettinelli, attached hereto.

28        [3] "Ex." refers to the Exhibits to the Declaration of Amanda
M. Bettinelli, attached hereto.

III.

ARGUMENT

A.   <u>This Is a Successive § 2255 Motion, And Petitioner Has</u>
<u>Failed To Comply With The Requirements For Filing Such A</u>
<u>Motion</u>

Under the "gatekeeping provisions" of § 2255, a "second or successive" § 2255 motion may be entertained by a district court only if a defendant obtains the permission of the Court of Appeals to file the motion with the district court.  28 U.S.C. § 2255.

The Petition is a successive § 2255 motion.  Petitioner filed his first § 2255 motion on February 17, 2004.  (Ex. F).  The United States District Court, District of California denied this motion on February 16, 2007.  (CR 221.)  Properly construed as a motion under § 2255, the instant motion is successive.

As Petitioner has not received permission from a court of appeals to file the Petition, he has failed to comply with the procedural requirements for filing a successive § 2255 motion, and his motion must be dismissed.  <u>See</u> <u>United States v. Allen</u>, 157 F.3d 661, 664 (9th Cir. 1998).

Petitioner also cannot satisfy the standards for filing a successive § 2255 motion in any event.  To meet those requirements, a defendant must establish a <u>prima facie</u> case that the motion contains:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

3

1    (2) a new rule of constitutional law, made retroactive

2    to cases on collateral review by the Supreme Court, that was

3    previously unavailable.

4  28 U.S.C. §§ 2255, 2244; <u>United States v. Villa-Gonzalez</u>, 208 F.3d

5  1160, 1164 (9th Cir. 2000).

6    Petitioner does not allege any newly discovered evidence or

7  any new rule of constitutional law that has been made retroactive

8  by the Supreme Court to cases on collateral review <u>and was</u>

9  <u>previously unavailable</u>.  Petitioner's claim is based on his

10  interpretation of <u>Cecil</u>.  Cecil was decided in 1979 and was thus

11  in effect when Petitioner was sentenced, during Petitioner's

12  direct appeal, and during Petitioner's previous § 2255 motion on

13  February 17, 200.  Petitioner thus cannot obtain certification of

14  these claims and the Petition should be dismissed.

15    B.  <u>This Court Should Dismiss This Appeal Because Defendant</u>

16    <u>Cannot Satisfy the Standard for a Certificate of</u>

17    <u>Appealability</u>

18

19    Before this court may entertain an appeal of a district

20  court's denial of a § 2255 motion, defendant is required to obtain

21  a certificate of appealability ("COA") as to each issue he wishes

22  to appeal.  <u>See</u> 28 U.S.C. §§ 2253(c)(1)(B), (c)(3); <u>see</u> <u>Gatlin v.</u>

23  <u>Madding</u>, 189 F.3d 882, 886 (9th Cir. 1999) ("There is no doubt

24  that issuance of a certificate of appealability is a

25  jurisdictional prerequisite to appeal.").

26    Defendant in this case did not request or receive a COA from

27  the district court, as is generally required under Ninth Circuit

28  Rule 22-1(a).  This defect is not fatal, however, as this court

1  may construe his notice of appeal as a request to this court for a
2  COA.  See Slack v. McDaniel, 529 U.S. 473, 483, 120 S. Ct. 1595,
3  146 L.Ed.2d 542 (2000) ("[T]he Court of Appeals should have
4  treated the notice of appeal as an application for a COA.");
5  United States v. Martin, 226 F.3d 1042, 1047 (9th Cir. 2000)
6  ("Slack's instruction that courts of appeals are to construe a
7  notice of appeal as an application for a COA so as to do
8  substantial justice, then, necessarily overrode the application of
9  Rule 22-1 in the situation presented by Slack and by this
10  appeal.").

11      This court should nevertheless deny defendant's present
12  request for a COA, as he is unable to satisfy the standard for the
13  issuance of a COA.  A COA may issue "only if the applicant has
14  made a substantial showing of the denial of a constitutional
15  right" as to each issue he seeks to appeal.  28 U.S.C.
16  §§ 2253(c)(2), (c)(3).  Where defendant seeks to appeal a district
17  court's resolution of a constitutional issue on its merits, he
18  must show "that reasonable jurists would find the district court's
19  assessment of the constitutional claims debatable or wrong."
20  Slack, 529 U.S. at 484.

21      Where, however, the district court declined to reach the
22  merits due to a procedural bar, the defendant must show both that:
23  (1) "jurists of reason would find it debatable whether the
24  petition states a valid claim of the denial of a constitutional
25  right" and (2) "jurists of reason would find it debatable whether
26  the district court was correct in its procedural ruling."  Id.;
27  see also United States v. Zuno-Acre, 339 F.3d 886, 888-89 (9th
28

1  Cir. 2003).  With respect to the procedural bar itself, the

2  Supreme Court noted in <u>Slack</u>:

3       Where a plain procedural bar is present and the

4       district court is correct to invoke it to dispose of the

5       case, a reasonable jurist could not conclude either that

6       the district court erred in dismissing the petition or

7       that the petitioner should be allowed to proceed

8       further.  In such a circumstance, no appeal would be

9       warranted.

10

11  529 U.S. at 484.

12       In attempting to appeal either a substantive or procedural

13  ruling, "[a] prisoner . . . must prove 'something more than the

14  absence of frivolity' or the existence of mere 'good faith' on his

15  or her part."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338, 123 S.

16  Ct. 1029, 154 L.Ed.2d 931 (2003).

17       Defendant cannot make the requisite showing in this case.

18  Here, defendant's petition is based upon a claim that count one of

19  the indictment, the conspiracy to distribute heroin count, failed

20  to allege any offense against the federal government due to its

21  omission of a beginning date or time for commencement of the

22  charged conspiracy.  The defendant relies upon <u>United States v.</u>

23  <u>Cecil</u>, 608 F. 2d 1294(1979).  In addition, defendant argues that

24  he should never have been taken to trial on the instant charges

25  because the indictment does not allege the elements of a federal

26  statutory offense and cites <u>Cotton</u>, 261 F.3d 397 (4th Cir. 1999).

27  Both of these arguments are without merit and do not present

28  constitutional arguments that satisfy procedural requirements set

1  forth above.  Moreover, defendant has had an ample opportunity to

2  have the merits of these claims fully briefed in his direct appeal

3  as well as his first and amended Section 2255 claims.

IV.

CONCLUSION

6  Based on the foregoing, Respondent respectfully requests that

7  this Court dismiss the Petition.  If this Court denies this

8  motion, Respondent requests that the Court permit Respondent to

9  file a response on the merits.

11  Dated: May 13, 2011

Respectfully submitted,

ANDRÉ BIROTTE JR.
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____
AMANDA M. BETTINELLI
Assistant United States Attorney

Attorneys for Respondent
United States of America

<u>DECLARATION OF AMANDA M. BETTINELLI</u>

I, AMANDA M. BETTINELLI, hereby declare as follows:

I have personal knowledge of the following facts and, if called as a witness, could and would testify competently thereto under oath.

1.   I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California.   On or about January 20, 2011, I was assigned to handle the response to the "Motion to Set Aside and Vacate Judgment and Conviction and Sentence" filed by Petitioner in the case entitled <u>Solorio Veronica v. United States of America</u>, CV No. 11-1343-CAS.

2.   On or about April 15, 2011, I requested the pleadings and the dockets in the case entitled <u>U.S. v. Garcia</u>, CR No. 00-00234-CAS. A true and correct copy of the docket is attached as Exhibit A. True and correct copies of the documents are attached as Exhibits B, C, D, E, F, and G.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 13, 2011, in Los Angeles, California.

AMANDA M. BETTINELLI

1    +

2                          CERTIFICATE OF SERVICE

3          I, **Loretta Chavis,** declare:

4          That I am a citizen of the United States and resident or employed in Los Angeles County,

5    California; that my business address is the Office of United States Attorney, United States

6    Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of

7    eighteen years, and am not a party to the above-entitled action;

8          That I am employed by the United States Attorney for the Central District of California

9    who is a member of the Bar of the United States District Court for the Central District of

10   California, at whose direction I served a copy of:

11   **GOVERNMENT'S NOTICE OF MOTION AND MOTION TO DISMISS**

12   **service was:**

13   [ ] Placed in a closed                        [ X] Placed in a sealed
     envelope, for collection

14                                                  envelope for collection and

15   and interoffice delivery                      mailing via United States Mail,
     addressed as follows:                         addressed as follows:

16
     [ ] By hand delivery                          [ ] By facsimile as follows:

17   addressed as follows:

18
     [ ] By messenger as follows:                  [ ] By federal express as follows:

19

20

21   SOLORIO VERONICA
     # 16016-112

22   U.S. PENITENTIARY
     P O Box    33

23   Terre Haute, IND   47808

24          This Certificate is executed on **May 13, 2011** at Los Angeles, California

25   I certify under penalty of perjury that the foregoing is true and correct.

26

27                                          *Loretta Chavis*

28                                          **LORETTA CHAVIS**