UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA



ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT

MAR 1 2 2018

CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

UNITED STATES OF AMERICA,
    Plaintiff,

v.

Case No. CR-00-234-CAS
2:00-CR-00234-CAS

SOLORIO CAJERO VERONICA,
    Defendant.

---

MOTION TO VACATE AND CORRECT A "LIFE SENTENCE"
VIA 18 U.S.C. §3582(C)(2) AND AMENDMENT 788

---

NOW COMES, Defendant Solorio Cajero Veronica requesting the District Court to Lower and Reduce his "Life Sentence" to time served.

Base upon United States Sentencing Guideline Amendment "788" that is retroactive under U.S.S.G. §1B1.10(a)(1) commonly known as "All Drugs Minus Two". Defendant Veronica is entitled to a Sentence Reduction as "Time Served".

For a defendant to be eleigible for such a reduction, the Sentencing Commission must have amended the guideline at issue, that amendment must have lowered the defendant's sentencing range, and the amendment must also be listed in U.S.S.G. §1B1.10(d). See 18 U.S.C. §3582(c)(2); U.S.S.G. §1B10(a)(1) & comment. (n.1(A)). Amendment 782 may serve, when applicable, as the basis for a

-1-

for a sentence reduction. See U.S.S.G. §1B1.10(d). Amendment 782, which became effective Novermeber 1, 2014, provides a two-level reduction in base offense levels for most drug quantities listed in §2D1.1(c). U.S.S.G. App. C, amend. 782, and retroactive via Amendment 788.

A District Court must engage in a two-step process for ruling on §3582(c)(2) motions outlined in Dillon v. United States, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L.Ed.2d 271 (2010).

Under §3582(c)(2), a District Court may reduce the prison sentence of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the the Sentencing Commission[.]" 18 U.S.C. §3582(c)(2); See also U.S.S.G. §1B1.10(a)(1).

However, the grounds upon which a District Court may reduce a defendnat's sentence pursuant to §3582(c)(2) and narrow. United States v. Berry, 701 F.3d 374, 376 (11th Cir. 2012).

A District Court must engage in a two-step analysis when considering a motion [692 Fed. Appx. 396] for a sentence reduction under §3582(c)(2). Dillon, 560 U.S. at 826; See also United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000).

First , the Court must calculate the offender's guideline range. Bravo, 203 F.3d at 780.

Second, the Court must determine, in its discretion, whether to reduce the defendant's sentence and, if so, to what extent. Id. at 781. In exercising that discretion, the Court must consider the 18 U.S.C. §3553(a) factors. Id. U.S.S.G. §1B1.10, comment. (n.1(B)(i)).

These factors include, among other things: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment"; (4) the need for adequate deterrence; (5) the need to protect the public from further crimes; (6) the guideline range; and (7) any petinent policy statement from the Sentencing Commission. 18 U.S.C. §3553(a)(1), (a)(2), (a)(4)(A), (a)(5).

WHEREFORE, will this Court hereby reduce Defendant Veronica's Life Sentence to Time Served?

Signed Dated & Mailed
Prison Mailbox Rule
March 6th, 2018.

Respectfully Submitted,

*Solorio Veronica*
Solorio Cajero Veronica
# 16016-112
USP - Terre Haute
P.O. Box 33
Terre Haute, Indiana 47808

**"Certificate of Mailing"**

To be completed Electronically by the Clerk of the Court.



