# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| | |
|---|---|
| Case No. CR00-234-CAS - 3 | Date November 28, 2018 |
| Present: The Honorable **CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE** | |
| Interpreter N/A - Not Present | |

| Catherine M. Jeang | Not Present | Amanda Bettinelli - Not Present |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder, Tape | Assistant U.S. Attorney |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| SOLORIO CAJERO VERONICA, PRO SE | NOT | X | | | | | |

**Proceedings:** (IN CHAMBERS) - MOTION TO VACATE AND CORRECT A "LIFE SENTENCE" VIA 18 U.S.C. § 3582(c)(2) AND AMENDMENT 788 (Filed 03/12/2018)[238]

Defendant has moved pro se pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines to have his sentence reduced.

Although courts have discretion in § 3582(c)(2) proceedings to appoint counsel, "there is no statutory or constitutional right to counsel for a § 3582(c) motion or hearing." United States v. Webb, 565 F.3d 789, 795 (11th Cir. 2009). Because defendant's motion to have his sentence reduced is without merit, the Court declines to exercise its discretion to appoint counsel. See United States v. Richardson, 569 Fed. Appx. 504, 504-05 (9th Cir. 2014) (upholding discretionary decision to not appoint counsel in § 3582(c) proceedings where "[a]ll of the arguments [defendant] claims he could have presented with the benefit of counsel have either been squarely rejected or severely undermined").

Defendant's motion fails because he was sentenced to the applicable mandatory minimum term of imprisonment. See United States v. Augustine, 712 F.3d 1290, 1295 (9th Cir. 2013), cert. denied, 134 S. Ct. 297 (2013) ("The district court . . . may not impose a sentence below applicable . . . mandatory minimums" even if "Guidelines amendments lowered the range applicable" to the defendant); see also United States v. Sykes, 658 F.3d 1140, 1148 (9th Cir. 2011) ("Because the mandatory statutory minimum sentence of 120 months applied to [defendant] in his § 3582(c)(2) sentence modification proceeding, the district court in that proceeding lacked the discretion to reduce [his] sentence below 120 months.").

Accordingly, the motion to reduce sentence is hereby denied.

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| | Initials of Deputy Clerk   CMJ |

cc: U.S. Probation
    U.S. Marshal